UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CEDRIC BISHOP, ON BEHALF OF HIMSELF
AND ALL OTHER PERSONS SIMILARLY
SITUATED,

                Plaintiffs,

                v.

YORKBRIDGE WEALTH PARTNERS, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

<u>ECF CASE</u>

No.:1:22-cv-10009

**MEMORANDUM OF LAW IN
SUPPORT
OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE A PROPOSED
FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.      INTRODUCTION AND RELEVANT PROCEDURAL HISTORY                    1

II.     STATEMENT OF FACTS                                              4

III.    LEGAL STANDARDS                                                 6

    A.      STANDARD FOR ARTICLE III STANDING                       6

    B.      LEAVE TO AMEND                                          8

IV.     ARGUMENT                                                        8

    A. LEAVE TO AMEND IS APPROPRIATE IN THIS CASE                 8

    B.      AMENDMENT HERE WOULD NOT BE FUTILE AS THE FAC
PROPERLY PLEADS AN ADA CLAIM                                            9

    C.      THE COURT HAS SUBJECT MATTER JURISDICTION                9

        i.      The FAC establishes standing pursuant to the Court's Order    9

        ii.     The FAC also satisfies the less burdensome standing requirements
for ADA website accessibility cases                                   12

        a.      Plaintiff sufficiently pleads an "intent to return" under the test set
forth for ADA website accessibility cases.                            12

        b.      Plaintiff sufficiently pleads the other elements of standing.    14

V.      CONCLUSION                                                     18

# TABLE OF AUTHORITIES

**Pages**

Cases

*Allen v. Wright*, 468 U.S. 737, 104 S.CT. 3315, 82 L.Ed. 2d 556 (1984)                6

*Ateres Bais Yaakov Acad. Of Rockland v. Town of Clarkstown*, 20 Civ. 1399 (NSR),
    2022 U.S. Dist. LEXIS 123149 (S.D.N.Y. Jul. 12, 2022)                7

*Bassaw v. United Indus. Corp.*, 482 F. Supp. 3d 80 (S.D.N.Y. 2020)                7

*Bernheim v. New York City Dep't of Educ.*, 19-cv-9723 (VEC)(JLC), 2020 U.S. Dist.
    LEXIS 120400 (S.D.N.Y. July 9, 2020)                8

*Camacho v. Vanderbilt Univ.*, 18-cv-10694 (KPF), 2019 U.S. Dist. LEXIS 209202
    (S.D.N.Y., Dec. 4, 2019)                *passim*

*Chapman v. Piers 1 Imps. (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011)                3

*Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647 (S.D.N.Y. 2017)                15

*Gregory v. Daly,* 243 F.3d 687 (2d Cir. 2001)                6

*Harty v. W. Point Realty Inc.*, 28 F.4th 435 (2d Cir. March 18, 2022)                12

*Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163 (S.D.N.Y. 2020)                14

*In re Lyman Good Dietary Supplements Litig.*, 17-cv-8047 (VEC), 2018 U.S. Dist.
    LEXIS 131668 (S.D.N.Y. Aug. 6, 2018)                8

*John v. Whole Foods Market Group, Inc.*, 858 F.3d 732 (2d Cir. 2017)                7, 14

*Kreisler v. Second Ave Diner Corp.*,731 F.3d 184 (2d Cir. 2013)                10, 14

*Lopez v. Arby's Franchisor, LLC*, 19-CV-10074 (VSB), 2021 U.S. Dist. LEXIS
    43838 (S.D.N.Y. Mar. 8, 2021)                7

*Newsome v. IDB Capital Corp.*, 13-CV-6576 (VEC), 2014 U.S. Dist. LEXIS 119089
    (S.D.N.Y. Aug. 26, 2014)                8

*Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63 (2d Cir. 2012)          6

*Obergh v. Bldg. Maint. Servs., LLC*, 21-cv-5053 (VEC) (JLC), 2022 U.S. Dist.
   LEXIS 124376 (S.D.N.Y. Jul. 14, 2022)          9

*Quezada v. U.S. Wings, Inc.*, 20 Civ. 10707, 2021 U.S. Dist. LEXIS 234057
   (S.D.N.Y. Dec. 7, 2021)          *passim*

*Roman v. Greenwich Vill. Dental Arts P.C.*, 21-cv-5939 (JGK), 2022 U.S. Dist.
   LEXIS 165400 (S.D.N.Y. Sept. 13, 2022)          3, 11

*Sanchez v. Nutco, Inc.*, 20-cv-10107, 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar.
   22, 2022) ................................................................................................................ 3, 6, 13

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)          7

*Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073
   (S.D.N.Y. Mar 21, 2019)          8

*Tavarez v. Moo Organic Chocolates*, LLC, Case No. 1:22-cv-9816 (VEC), 2022 WL
   3701508 (S.D.N.Y. Aug. 26, 2022)          9

*Thorne v. Boston Mkt. Corp.*, 469 F. Supp. 4d 130 (S.D.N.Y. 2020)          9

*Thorne v. Formula 1 Motorsports, Inc.*, 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS
   220080 (S.D.N.Y. Dec. 19, 2019)          8

*TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021)          6

*Walters v. Fischer Skis U.S., LLC*, 21 civ 1115 (LEK/ATB) 2022 U.S. Dist. LEXIS
   142148 (N.D.N.Y. Aug. 10, 2022)          11, 15

*Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438 (S.D.N.Y. 2018)          9

**STATUTES**

42 U.S.C. § 12181, *et seq*                                                              *passim*

N.Y.C. Admin. Code § 8-101, *et seq*

## I.        INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

Plaintiff Cedric Bishop ("Plaintiff") respectfully submits this motion for leave to file a proposed First Amended Complaint ("FAC") in response to this Court's Order on January 31, 2022 (Docket No. 8).[1]

As detailed *infra*, the FAC establishes Plaintiff's pleadings pursuant to both the Americans with Disabilities Act of 1990 ("ADA"), New York City Human Rights Law ("NYCHRL") and New York City Human Rights Law ("NYSHRL") against defendant Yorkbridge Wealth Partners, LLC, ("Defendant") establishes Plaintiff has standing to sue. Thus, Plaintiff respectfully requests that the Court grant him leave to file the FAC.

On November 23, 2022, Plaintiff filed the initial complaint in this action. *See* Docket No. 1. Defendant did not file any motion challenging Plaintiff's standing or any other aspect of Plaintiff's complaint. On January 31, 2023, the Court issued an Order directing Plaintiff to move for leave to file an amended complaint or to show cause as to why the Court should not dismiss this case for lack of standing. *See* Docket No. 8. The Court's Order, citing *Calcano*, stated that Plaintiff's initial complaint likely did not adequately allege standing as the injury allegations in the complaint were too conclusory. Plaintiff respectfully requests leave to file an amended complaint here.

In particular, the FAC alleges the frequency of Plaintiff's visits to Defendant's website (two times) and specifies the dates of those visits (October 19, 2022, and January 31, 2023). (*See* ¶30). The FAC likewise pleads Plaintiff's particular interest in purchasing financial services**,** specifically information about retirement planning services Defendant and other facts from

---

[1] All "¶_" citations are to paragraphs in the FAC, attached as Exhibit A to the Declaration of Michael A. LaBollita,  in Support of Plaintiff's Motion for Leave to File a Proposed First Amended Complaint ("Decl.").

which the Court can plausibly infer Plaintiff's intent to return to Defendant's website. Specifically, the FAC alleges:

- Defendant markets its financial planning services and other services available online and in their physical location, and allows consumers to ascertain information relating to location and hours of their physical location and pricing, investments, tax advice, retirement planning and privacy policies on their Website." (¶19).

- Plaintiff specifically identifies the service he repeatedly went on the website to purchase: retirement planning services (¶¶13, 30, 33). The Defendant advertises their financial advisors as "profoundly skilled and highly adept" (*Id.*).

- Despite Plaintiff's continued inability to complete a purchase, Plaintiff's desire to purchase financial planning services remains. This is due to Defendant's comprehensive financial planning and independent investment management ability (¶33). Based on Defendant's representations about its profoundly skilled and highly adept investment advisors, the Plaintiff believes that the Defendant's financial services would be a good fit for him. (¶33).

- The Plaintiff also chose this vendo**r** because they have a physical investment location within a short subway ride away from residence and if he had any issue with his investments or retirement planning services he could go to the nearby location for assistance. *Id.*

- As Plaintiff still wants to purchase these financial planning services from the Defendant, Plaintiff unequivocally intends to return to the website on a regular basis to determine if

the site is accessible to him and—once it is accessible—to purchase these services. *Id.*

- As Defendant's website is available through the Internet, and thus available around the clock from any Internet-connected device, Plaintiff may easily return to the website and purchase these financial planning services he has repeatedly attempted to purchase, once the barriers to accessibility are removed. *Id.*

As such, the FAC establishes standing under *Calcano*. These well-pled allegations are specific and sufficient to establish standing under the less stringent test set forth in ADA **website** accessibility cases where an intent to return is satisfied by alleging that plaintiff: (i) tried to visit the website on multiple occasions; (ii) has a stated motivation for returning to visit the website in the future; and (iii) may easily return to the website should it be made accessible. *See Sanchez v. Nutco, Inc.*, 20-cv-10107, 2022 U.S. Dist. LEXIS 51247, at *6 (S.D.N.Y. Mar. 22, 2022); *see also Camacho v. Vanderbilt Univ.*, 18-cv-10694 (KPF), 2019 U.S. Dist. LEXIS 209202, at *26-*28 (S.D.N.Y., Dec. 4, 2019). In an ADA website decision issued recently –Judge Koeltl applied a similar standard and denied the defendant's standing challenge. *See Roman v. Greenwich Vill. Dental Arts P.C.*, 21-cv-5939 (JGK), 2022 U.S. Dist. LEXIS 165400 (S.D.N.Y. Sept. 13, 2022).

Finally, the FAC establishes an additional basis for standing beyond the threat of a *future* injury—that of a *present* actual injury based on being deterred from visiting the website until the accessibility barriers there are cured. These allegations of deterrence suffice as an alternative basis for standing. *See, e.g.*, *Chapman v. Piers 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 950 (9th Cir. 2011).

For these reasons, the FAC properly pleads the requisite basis for standing and Plaintiff

respectfully requests that the Court grant him leave to file it.

## II.    STATEMENT OF FACTS

Defendant is an investment advisor service that owns and operates the website, https://yorkbridgewealth.com/, ("Website"). (¶27). Defendant markets its financial planning services and other services available online and in their physical location, and allows consumers to ascertain information relating to location and hours of their physical location and pricing, investments, tax advice, retirement planning and privacy policies on their Website." (*Id).*

Plaintiff is a visually-impaired and legally blind person who uses screen-reading software in order to read website content on his personal computer. (¶¶2, 29). Plaintiff returned to the website on two specific occasions: October 19, 2022, and January 31, 2023, in order to purchase financial services, specifically information about retirement planning services. (¶¶30, 33). However, on the two occasions that Plaintiff visited the website to purchase these services, specifically October 19, 2022, and January 31, 2023, Defendant's website was not accessible to Plaintiff. (*passim*). These barriers include, without limitation (collectively, the "Access Barriers"):

(a)    Due to improper coding on the Website, the screen reader cannot navigate using the "tab" key, as doing so will cause the narrator to skip over text on the page. This causes Plaintiff delays that are not experienced by sighted New York customers and impedes his ability to make an informed choice as to products to purchase, because his screen reader does not have access to the same text available to sighted New York customers. (*passim*);

(b)    Due to improper coding on the Website, the screen reader cannot describe images of products on the website, impeding Plaintiff's ability to make an informed choice as to

what services to purchase as a sighted New York customer would. (*Id*.); and

> (c)   Due to improper coding on the Website, the screen reader cannot read the names of services listed under the Our Team, Client Experience, Resources, Investment Committee and Philosophy on the Website's homepage. This impedes Plaintiff's ability to make an informed decision as to what investment and retirement planning strategy would be best for him as he does not have the same access as sighted New York consumers using the same website do. *Id*.

These Access Barriers existed at the time Plaintiff visited the Website and as of the date of this motion. *Id*. Plaintiff was denied and continues to be denied equal access to the Website. *See* FAC, *passim*. This denial deterred Plaintiff in the past, and continues to deter Plaintiff presently, from completing a purchase or accessing specially tailored investment strategies and information on the website until such access barriers are cured. (¶37, 38).

Plaintiff's desire to purchase financial planning services remains. Indeed, as soon as the barriers on Defendant's website are cured, Plaintiff will complete his purchase. Plaintiff is particularly interested in purchasing these services from Defendant because of their comprehensive financial planning and independent investment management ability (¶¶30, 33). Based on Defendant's representations about its profoundly skilled and highly adept investment advisors, Plaintiff believes that this particular Defendant's financial services would be a good fit for him. (¶33).

Moreover, Plaintiff unequivocally intends to return to the website on a regular basis to determine if the site is accessible to him and—once it is accessible—to purchase financial planning services. (*Id.*). As Defendant's website is available through the Internet, and thus

available around the clock from any Internet-connected device, Plaintiff may easily return to the website and purchase financial planning services he has repeatedly attempted to purchase for his retirement planning needs, once the barriers to accessibility are removed. (*Id.*).

Based on these allegations, the FAC adequately alleges Defendant's violations of 42 U.S.C. § 12181, *et seq*. – Title III of the ADA, the NYCHRL, NYSHRL, N.Y.C. Admin. Code § 8-101, *et seq*.

## III.   LEGAL STANDARDS

The Second Circuit cautions courts against prematurely dismissing complaints of civil rights violations. *See Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001). The Second Circuit likewise has held, "As a remedial statute, the ADA must be broadly construed to effectuate its purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012). Similarly, in ADA cases, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act. *See Nutco, Inc*., 2022 U.S. Dist. LEXIS 51247, at *5 (citations omitted). Courts are obliged to afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation, including the injury of discriminatory treatment. *See TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2204-05 (2021) (*citing Allen v. Wright*, 468 U.S. 737, 104 S.CT. 3315, 82 L.Ed. 2d 556 (1984)).

### A. STANDARD FOR ARTICLE III STANDING

A plaintiff pleads a sufficient injury for Article III standing by "show[ing] that he suffered an invasion of a legally protected interest that is concrete and particularized and actual

or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016). A concrete injury is not necessarily synonymous with a tangible injury. *See Lopez v. Arby's Franchisor, LLC*, 19-CV-10074 (VSB), 2021 U.S. Dist. LEXIS 43838, at *6 (S.D.N.Y. Mar. 8, 2021) (citing *Spokeo*, 136 S. Ct. at 1549). "An injury is particularized when it affect[s] the plaintiff in a personal and individual way. . . [a]n injury is concrete when it actually exists or, put another way, when it is real rather than abstract. Notably, this is a low threshold, and the plaintiff need not be capable of sustaining a valid cause of action." *Bassaw v. United Indus. Corp.*, 482 F. Supp. 3d 80, 85 (S.D.N.Y. 2020). Each element of standing must be supported with the manner and degree of evidence required at the successive stages of the litigation, and when examined at the pleading stage, "[a] general factual allegation of injury resulting from the defendant's conduct may suffice." *Ateres Bais Yaakov Acad. Of Rockland v. Town of Clarkstown*, 20 Civ. 1399 (NSR), 2022 U.S. Dist. LEXIS 123149, at *36 (S.D.N.Y. Jul. 12, 2022) (*citing John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 736 (2d Cir. 2017)).

To properly plead standing in an ADA website action, as opposed to an action involving a physical location: "(1) it needs to be reasonable to infer from [the plaintiff's complaint] that the discriminatory treatment will continue, (2) it needs to be reasonable to infer that [the plaintiff] 'intend[s] to return to [the public accommodation], and (3) the plaintiff alleges past injury under the ADA." *See Quezada v. U.S. Wings, Inc.*, 20 Civ. 10707, 2021 U.S. Dist. LEXIS 234057, at *5 (S.D.N.Y. Dec. 7, 2021) (citing cases, quotations omitted, alterations in original).

Likewise, the elements to plead a claim under the NYCHRL in a website-accessibility action are substantively similar to the elements in an ADA claim. Given its similar wording to the ADA, as well as the fact that "federal and state civil rights laws provide a floor below which

the City's Human Rights law cannot fall" the NYCHRL is given an "independent liberal construction analysis in all circumstances." *Thorne v. Formula 1 Motorsports, Inc.*, 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS 220080, at *7 (S.D.N.Y. Dec. 19, 2019); *see also Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar 21, 2019) ("[t]he NYCHRL [is] governed by the same legal standards that courts apply to ADA disability discrimination claims") (citations omitted). Thus, it follows perforce, that because the FAC properly pleads a claim under the ADA, it also properly states a claim under the NYCHRL. *Id*.

## B.  LEAVE TO AMEND

Leave to amend should be freely given when justice so requires. *E.g., In re Lyman Good Dietary Supplements Litig.*, 17-cv-8047 (VEC), 2018 U.S. Dist. LEXIS 131668, at *29 (S.D.N.Y. Aug. 6, 2018) (citing Fed. R. Civ. P. 15(a)). There is a presumption in favor of granting leave to amend, although this may be denied for futility, bad faith, undue delay, or undue prejudice to the opposing party. *See Newsome v. IDB Capital Corp*., 13-CV-6576 (VEC), 2014 U.S. Dist. LEXIS 119089, at *8-*9 (S.D.N.Y. Aug. 26, 2014). Leave to amend would be futile where a proposed amended complaint cannot itself survive a motion to dismiss. *See In re Lyman*, 2018 U.S. Dist. LEXIS 131668 at *29 (citations omitted). By contrast, where a cause of action is dismissed due to deficient pleadings, leave to amend should generally be granted. *See Bernheim v. New York City Dep't of Educ.*, 19-cv-9723 (VEC)(JLC), 2020 U.S. Dist. LEXIS 120400, at *22 (S.D.N.Y. July 9, 2020).

## IV.    ARGUMENT

### A.  LEAVE TO AMEND IS APPROPRIATE IN THIS CASE

The Court should, respectfully, grant leave to amend in this case. There is nothing to

indicate bad faith or undue delay, as there have been no untimely filed complaints in this case. Similarly, there is no undue prejudice suffered by Defendant given that it will have the opportunity to respond to the FAC. *See Obergh v. Bldg. Maint. Servs., LLC*, 21-cv-5053 (VEC) (JLC), 2022 U.S. Dist. LEXIS 124376, at *28 (S.D.N.Y. Jul. 14, 2022). As such, leave to amend must be granted or denied based on whether the FAC would be futile. For the reasons listed *infra*, the FAC is not futile given that it adequately pleads an ADA claim, and the Court should grant Plaintiff leave to file it.

### B.  AMENDMENT HERE WOULD NOT BE FUTILE AS THE FAC PROPERLY PLEADS AN ADA CLAIM

To state a valid claim under Title III of the ADA, a plaintiff must allege that "(1) he is disabled within the meaning of the ADA; (2) defendants own, lease or operate a place of public accommodation; and (3) defendants discriminated against him by denying him a full and equal opportunity to enjoy the services defendants provide." *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 442 (S.D.N.Y. 2018); *see also Thorne v. Boston Mkt. Corp.*, 469 F. Supp. 4d 130, 139 (S.D.N.Y. 2020).

The FAC properly pleads these elements. Plaintiff is a visually-impaired and legally blind person. (¶2, 29). Moreover, as this Court already held, Defendant's website is a place of public accommodation. *Tavarez v. Moo Organic Chocolates*, LLC, Case No. 1:22-cv-9816 (VEC), 2022 WL 3701508 (S.D.N.Y. Aug. 26, 2022). Finally, Plaintiff pleads that the barriers on Defendant's website denied him full and equal access to the products Defendant sells to the general public there. (¶¶ 13, 28, 30, 33, 34, 35, 36)

### C.  THE COURT HAS SUBJECT MATTER JURISDICTION

### i.  **The FAC establishes standing pursuant to the Court's Order**

In its Order of January 12, 2023, the Court cited *Kreisler v. Second Ave. Diner Corp.* and *Calcano v. Swarovski N. Am. Ltd.*, two ADA accessibility cases involving conduct alleged to have occurred at physical locations. *See* Docket No. 8. The Court found "the allegations in the [initial] Complaint in this action likely fail adequately to allege standing as they are at least as conclusory as the allegations in the complaints at issue in *Calcano*." *Id.*

Plaintiff's proposed FAC addresses the Court's findings head-on. It alleges that Plaintiff visited Defendant's website two times and when those visits took place—on October 19, 2022, and January 31, 2023. (¶30.) The FAC additionally pleads Plaintiff's interest in purchasing particular financial planning services from this particular Defendant and other facts from which the Court can plausibly infer Plaintiff's intent to return to Defendant's website. For instance, the FAC details what makes their financial planning services particularly appealing to Plaintiff**.**

The FAC alleges that, for these reasons, Plaintiff intends to return to the website on a regular basis to determine if the site is accessible to him and—once it is accessible—to purchase the financial planning services. (¶33). The FAC further alleges Plaintiff may easily return to the website and purchase financial planning services and various other services the Defendant offers —including the retirement planning services he has repeatedly attempted to purchase for himself— once the barriers to accessibility are removed because Defendant's website is available through the Internet, and thus available around the clock from any Internet-connected device. (*id.*) *Compare U.S. Wings, Inc.*, 20 Civ. 10707, 2021 U.S. Dist. LEXIS 234057, at *10-*11 (S.D.N.Y. Dec. 7, 2021) ("As websites are already easily accessible at any moment, [plaintiff's] claim that she will return to the website to make a purchase once the issues are remedied is

sufficient to satisfy this prong of standing.") *with Calcano*, 36. F.4th at 76 (where plaintiff's residence "could be up to an hour away from the [defendant's] store at Columbus Circle" the court declined to infer that plaintiff intended to return there). In this case, the Plaintiff lives at 135 W. 23 St., New York, NY 10011 and the Defendant's physical location is only 7 blocks away at 110 5th Ave., New York, NY 10011.

These types of allegations were found sufficient in the case of *Walters v. Fischer Skis U.S., LLC*, 21 civ. 1115 (LEK/ATB) 2022 U.S. Dist. LEXIS 142148 (N.D.N.Y. Aug. 10, 2022). In *Fischer*, the court found the complaint sufficiently alleged an intent to return to defendant's ski supply website where plaintiff was purportedly a long-time skier who needed to upgrade his ski equipment and "would like to, and intends to, attempt to access [defendant's website] in the future to research and potentially purchase products and explores the services [offered] … in advance of his next ski trip." *Id.*, at *11. Given the FAC's allegations concerning the uniquely appealing nature of Defendant's financial planning services—and Plaintiff's desire to purchase these services—the FAC sufficiently alleges Plaintiff's intent to return under *Calcano*.

Judge Koeltl held in a website accessibility case that the complaint properly pled standing by alleging that Plaintiff had tried to access the website, was denied access to its services, and that he would return to the website in the future. *See Roman*, 2022 U.S. Dist. LEXIS 165400, at *4 ("Injury-in fact is satisfied here…[f]urthermore, the plaintiff alleges that he would use the website in the future were the website made accessible. The plaintiff has therefore suffered an actual injury that is both concrete…and particularized, insofar as the plaintiff himself has attempted to access the website."). Here too, the FAC properly explains and demonstrates an intent to return.

### ii.    The FAC also satisfies the less burdensome standing requirements for ADA website accessibility cases

#### a.    Plaintiff sufficiently pleads an "intent to return" under the test set forth for ADA website accessibility cases.

In cases involving *website* accessibility and the ADA, establishing standing is less burdensome than it is in cases—such as *Calcano*—where the plaintiff alleges specific goods sold at *physical* locations were not accessible. *See U.S. Wings, Inc.,* 2021 U.S. Dist. LEXIS 234057, at *9 (citing *Camacho*, 2019 U.S. Dist. LEXIS 209202, at *11).[2] In *U.S. Wings*, Judge Ramos held "[a] mere assertion of an intent to return to the place of injury some day when alleged barriers have been rectified has been found to be insufficient to establish standing in the context of ADA claims for *accessible gift cards*." *Id.* (emphasis added). By contrast, in ADA *website* cases "the standard to establish standing is slightly less burdensome." *Id*.

In a website case under the ADA, "[t]he plaintiff need only establish a reasonable inference that he intended to return to the [w]ebsite." *U.S. Wings*, 2021 U.S. Dist. LEXIS 234057, at *9. This is because—in contrast to the facts in *Calcano* where defendant's allegedly inaccessible gift cards were sold in stores located far from plaintiff's residence (*Calcano*, 36 F.4th at 76) "websites are already easily accessible at any moment" from any location equipped with an Internet- connected device. *U.S. Wings*, 2021 U.S. Dist. LEXIS 234057, at *10-11. Thus, *Calcano*'s focus on the physical proximity of defendant's retail locations (where the gift cards

---

[2] But see *Harty v. W. Point Realty Inc.*, 28 F.4th 435 (2d Cir. March 18, 2022). The plaintiff in *Harty*, unlike in this case, alleged that the barriers on the website impeded him, a Florida resident, from reserving a physical hotel room in New York State. Unlike physically traveling to a hotel, the only barrier to Plaintiff utilizing Defendant's virtual services instantaneously to order goods to her own home in New York are the barriers on the website themselves. occasions; (b) has a stated motivation for returning to visit the website in the future; and (c) may easily return to the website should it be made accessible. *See U.S. Wings*, 2021 U.S. Dist. LEXIS 234057, at *9-10; Nutco, Inc., 2022 U.S. Dist. LEXIS 51247, at *6; *see also Camacho*, U.S. Dist. LEXIS 209202 at *26-28.

were sold) to plaintiff's residence, in order to gauge the plausibility of plaintiff's intent to return, does not make sense in an ADA website case where a plaintiff can order goods from home and have the goods shipped there.

Because the FAC meets the more stringent *Calcano* test of intent to return, it also meets the less burdensome intent to return test set forth in the directly applicable website accessibility decisions issued in this District. In ***website accessibility cases***, a complaint sufficiently establishes a plaintiff's intent to return by alleging that plaintiff: (a) tried to visit the website on multiple occasions; (b) has a stated motivation for returning to visit the website in the future; and (c) may easily return to the website should it be made accessible. *See U.S. Wings*, 2021 U.S. Dist. LEXIS 234057, at *9-10; *Nutco, Inc.*, 2022 U.S. Dist. LEXIS 51247, at *6; *see also Camacho*, U.S. Dist. LEXIS 209202 at *26-28.

The FAC sufficiently pleads Plaintiff's intent to return to Defendant's website and alleges:

(a)     Plaintiff attempted to visit the website on two separate occasions (¶30);

(b)     Plaintiff's motivation for returning to visit the website in the future—*i.e.*, to buy financial services because the Defendant's advisors are "profoundly skilled and highly adept." (*Id.*); and

(c)     Plaintiff unequivocally intends to return to Defendant's website once the accessibility barriers are cured and—because the website is available through the Internet—he will be easily able do so. (*Id.*)

These allegations are sufficient to establish Plaintiff's intent to return. Additionally, it should be noted that there is no requirement that a plaintiff visit a public accommodation a

specific number of times to establish a plausible intent to return because **deterrence** from accessing a place of accommodation is, itself, a cognizable injury that would reduce the number of times a plaintiff is inclined to patronize a place of public accommodation. *See Kreisler v. Second Ave Diner Corp.*,731 F.3d 184, 188 (2d Cir. 2013) ("deterrence constitutes an injury under the ADA"); *U.S. Wings*, 2021 U.S. LEXIS 234057 at *3, *11 (finding sufficient intent to return where the plaintiff visited the subject website on just one occasion). Indeed, the Second Circuit in *Kreisler* found plaintiff had standing despite having **never** attempted to enter defendant's public accommodation. *See Kreisler*, 731 F.3d at 188.

      b.   <u>Plaintiff sufficiently pleads the other elements of standing.</u>

The FAC likewise alleges the other necessary elements of standing: past injury and a reasonable inference that the discriminatory treatment would continue. *Kreisler*, 731 F.3d at 187-188). "The Second Circuit views the injury-in-fact standard as a "low threshold." *U.S. Wings*, 2021 U.S. LEXIS 234057 at *11 (citing *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017)). As noted above, deterrence itself constitutes an injury under the ADA *per se*. *Kreisler*, 731 F.3d at 188; *U.S. Wings*, 2021 U.S. LEXIS 234057 at *12-*13. A plaintiff also suffers cognizable injury under the ADA when the plaintiff "could not ascertain the price or other details of products on the Website because the Website was not compatible with her screen-reading software, and the Website provided no indication when an item was successfully added to her online cart." *Nutco*, 2022 U.S. LEXIS 51247, at *5. *See also Camacho*, 2019 U.S. Dist. LEXIS 209202 at *26 (cognizable injury where plaintiff is unable to access certain portions of a website's publicly available content due to the website's incompatibility with plaintiff's

screen reading software). A plaintiff that cannot make an informed choice about the products suffers a real threat of future harm. *See Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163, 169-170 (S.D.N.Y. 2020). Similarly, plaintiffs suffer the injury of unequal treatment under the ADA when barriers render their use of a public accommodation more difficult or burdensome than for non-disabled individuals. *See Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 655 (S.D.N.Y. 2017).

Here, the FAC sufficiently alleges past injury. It alleges that Plaintiff could not navigate the website nor obtain information for the services offered. (¶33). Additionally, it alleges that Plaintiff has been deterred from accessing Defendant's website until the accessibility barriers there are cured. (*Id*.). As such, the FAC establishes injury.

The FAC also supports a reasonable inference that Defendant's discriminatory treatment will continue. Allegations that a plaintiff "visited the Website on multiple occasions and has not been able to access its content … supports an inference that the Website has not been altered to fix the barriers Plaintiff encountered, and that he will continue to be unable to access the Website." *Camacho*, 2019 U.S. Dist. LEXIS 209202 at *26-*27; *see also Fischer Skis*, 2022 U.S. Dist. LEXIS 142148, at *11. Here, the access barriers on Defendant's website have continued to exist for at least the past two months and have done so even after Defendant was alerted to their presence by Plaintiff's service of the initial complaint in this matter. *See* Docket No. 7. Given how long these issues have remained unaddressed on the website, it is reasonable to infer that Plaintiff, and others like him will continue to be unable to access it.

For these reasons, the FAC sufficiently pleads standing.

**V.      CONCLUSION**

15

The FAC sufficiently alleges standing and its filing would not be futile and none of the other factors which would merit denying leave are present in this case. For these reasons and based on the foregoing, Plaintiff respectfully requests that the Court grant leave to file the FAC.

Dated: New York, New York
February 3, 2023

**GOTTLIEB & ASSOCIATES**

*/s/Michael A. LaBollita, Esq.*

Michael A. LaBollita (ML-9985)
Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284
Michael@Gottlieb.legal
Jeffrey@gottlieb.legal
Dana@Gottlieb.legal

16